DERRICK J. MONK, SR., )
D.J.M., JR., a minor, )
      Plaintiffs, )
       )
v. )     O R D E R
       )
STATE OF NORTH CAROLINA, et al., )
      Defendants. )

 

This matter is before the Court on numerous pending motions: motion to dismiss for lack

of jurisdiction by Denise Gold [DE 23]; motion to dismiss for failure to state a claim by Denise

Gold [DE 25]; motion to dismiss for failure to state a claim by Denise Washington [DE 27];

motion to dismiss for lack of jurisdiction by William Graham and the State of North Carolina

[DE 31]; motion for a more definite statement by Angelique M. Cowling [DE 36]; motion to

remove defendant Washington as intervenor by Derrick J. Monk, Sr. [DE 45]; motion for

physical permanent child custody with prejudice by Derrick J. Monk, Sr. [DE 46]; motion to

hold defendants Denise Washington and the State of North Carolina in contempt and motion for

sanctions by Derrick J. Monk, Sr. [DE 49]; amended motion to remove defendant Washington as

intervenor with prejudice [DE 52]; amended motion for permanent child custody with prejudice

by Derrick J. Monk, Sr. [DE 53]; motion for writ of habeas corpus by Derrick J. Monk, Sr. [DE

57]; motion for permanent injunction by Derrick J. Monk, Sr. [DE 58]; and motion to dismiss by

Keith Black [DE 59]; motion to dismiss by Amy Kuhlman [DE 64]. As discussed below, this

Court must abstain from considering this matter pursuant to the *Rooker-Feldman* doctrine. As

such, this matter must be DISMISSED. The motions currently pending in this matter are, therefore, DISMISSED as MOOT.

## BACKGROUND

Plaintiff filed his complaint on October 26, 2012. The plaintiff's complaint and his accompanying motions are not models of clarity. However, the Court generously construes this pro se complaint as one seeking some kind of injunctive relief from the actions of the state court pertaining to the plaintiff's child custody dispute. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(stating that it is proper to liberally construe documents filed pro se)(citations omitted). The plaintiff has identified the pending state matter as "Case #11CVD2790", which is proceeding in Forsyth County District Court.

## DISCUSSION

The Court must abstain from considering the plaintiff's complaint pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files a suit in federal district court seeking redress for an injury allegedly cause by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006)(citation omitted). Additionally, this doctrine prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *See Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). Simply, *Rooker-Feldman* applies "when the

2

federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F.Supp.2d 378, 388 (M.D.N.C. 2004)(quoting *Plyler*, 129 F.3d at 733).

The *Rooker-Feldman* doctrine is frequently applied in matters where federal courts are asked to consider child custody matters previously ruled upon by state courts. *See e.g. Richardson v. Green*, No. 5:11-CV-202-H (E.D.N.C. 6 July 2011), *aff'd,* No. 11-1745, 465 Fed.Appx., at *1 (4th Cir. 13 Feb. 2012)(unpublished)(concluding that review of a state court child support order was foreclosed by the *Rooker-Feldman* doctrine); *Kelley v. Saleeby*, No. 4:08-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. 21 Aug. 2008) (applying *Rooker-Feldman* to dismiss plaintiff's complaint seeking to have the district court review and modify child custody orders issued in a state family court case).

Here, the plaintiff has requested that Court consider a child custody matter that has already been considered by the state court. The plaintiff has alleged constitutional claims, violations of his rights under the 5th and 14th Amendments, but those claims are inextricably intertwined with the state court's related decisions; evaluating those claims would require this Court to consider whether the state court wrongly considered the issues before it. As such, it is proper for this Court to abstain from considering the complaint before it. Given the Court's abstention, the plaintiff's case is properly dismissed. Therefore, the pending motions filed in conjunction with this matter are moot and must also be dismissed.

## CONCLUSION

For the foregoing reasons, the Court abstains from considering this matter pursuant to the

*Rooker-Feldman* abstention doctrine. As such, the motions currently pending in this matter are

DISMISSED as MOOT. The clerk is DIRECTED TO CLOSE the file.

SO ORDERED.

This the  $\underline{11}$  day of June, 2013.

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE

4